# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DANIEL P. POST**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201300189**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 20 March 2013.
**Military Judge:** LtCol Nicole K. Hudspeth, USMC.
**Convening Authority:** Commanding General, 2d Marine Logistics Group, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Capt A.L. Evans, USMC.
**For Appellant:** CDR Edward V. Hartman, JAGC, USN.
**For Appellee:** Capt Matthew M. Harris, USMC.

**25 March 2014**

---

## OPINION OF THE COURT

---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to confinement for 5 years, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement (PTA), the convening authority (CA) suspended all confinement in excess of 30 months and waived imposition of

automatic forfeitures for a period of six months from the date of his action, provided that the appellant establish and maintain a dependent's allotment.[1]

On 1 August 2013, the appellant filed with the court a brief with a single assignment of error. In it he contended that the Government failed to fulfill its obligation under the PTA to defer and waive the imposition of automatic forfeitures. To supplement the record, the appellant filed a motion to attach (Motion) with this court.[2] The appellant's Motion contained an affidavit from Master Sergeant (MSgt) RW, USMC, Staff Noncommissioned Officer in Charge, Marine Military Pay Operations Section, Defense Finance and Accounting Service (DFAS). The affidavit from MSgt RW indicates that the appellant established an allotment on 20 March 2013; however, because the allotment was not authorized for use with the deferral and waiver of automatic forfeitures, it was cancelled on 27 March 2013 by personnel assigned to the Installation Personnel Administration Center (IPAC), Camp Lejeune, North Carolina. According to MSgt RW, as of the date of his affidavit (30 July 2013), the appellant's "allotment remains cancelled and no money appears to have been sent to [the appellant's] son." Motion, Attachment A at 2.

In his brief, appellate defense counsel indicated that due to his inquires, the appellant's "former command has begun taking steps in order to comply with the original terms of the [PTA]." Appellant's Brief of 1 Aug 2013 at 1 n.1.

Because the appellate defense counsel averred that the appellant's former command had begun taking steps to ensure compliance with the PTA, we ordered the appellate defense counsel to answer several questions. *See* NMCCA Order of 18 Nov 2013. The primary purpose of the questions was to ascertain whether the appellant had established an appropriate allotment for his son and whether the appellant's command had taken steps to comply with the original terms of the PTA.

In his 2 December 2013 response, the appellate defense counsel indicated that despite several attempts to establish a dependent's allotment, the appellant, working through his chain

---

[1] The CA also acknowledged that he had deferred imposition of automatic forfeitures. CA's Action of 9 May 2013 at 2.

[2] We granted the appellant's Motion on 12 August 2013.

of command at his place of confinement, has been unable to establish an allotment. Appellant's Answer to NMCCA Order filed 2 Dec 2013. Although not required to do so, we note that the Government did not offer a response or dispute the accuracy of the appellant's responses to our questions.

After carefully considering the record of trial, the submissions of the parties, and the appellant's responses to our order, we found merit in the appellant's assignment of error. In an opinion dated 23 January 2014, we returned the record to the Judge Advocate General of the Navy for remand to an appropriate CA. We directed the CA to (1) grant specific performance by ensuring that the appellant's son receives the appropriate amount of funds for the automatic forfeitures that were ordered deferred and waived pursuant to the PTA; or (2) provide alternative relief that is satisfactory to the appellant.

On 20 February 2014, before the record was returned to the CA, the Government filed a Consent Motion to Attach and Consent Motion for Reconsideration. The two motions provided the court with evidence that the CA had complied with the terms of the pretrial agreement on 1 January 2014. Both motions were granted by Court Order on 3 March 2014 and the court's 23 January 2014 opinion was withdrawn.

The sole assignment of error now being moot and finding that no error materially prejudicial to the substantial rights of the appellant remains, the findings and sentence as approved by the CA are affirmed.

For the Court


R.H. TROIDL
Clerk of Court

3